IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

FREDERICK BANKS, #05711-068                                             PETITIONER

VERSUS                                    CIVIL ACTION NO. 5:09cv158-DCB-MTP

BARACK OBAMA, President;
ERIC HOLDER, Attorney General;
BRUCE PEARSON, Warden;
and HARLEY LAPPIN, Director of the
Federal Bureau of Prisons                                               RESPONDENTS

OPINION AND ORDER

This matter is before the court, sua sponte, for consideration of dismissal. Petitioner, Frederick Banks, an inmate incarcerated at the Federal Correctional Institute, Yazoo City, Mississippi, filed this petition for habeas relief pursuant to 28 U.S.C. § 2241 on September 29, 2009. The petitioner has named the following as respondents: Barack Obama, President; Eric Holder, Attorney General; Bruce Pearson, Warden; and Harley Lappin, Director of the Federal Bureau of Prisons. This court finds that the proper party respondent is the petitioner's custodian, Bruce Pearson, Warden - FCI Yazoo, where the petitioner is presently incarcerated. *See* 28 U.S.C. § 2243. The petitioner is requesting that he be released immediately and that this court hold an evidentiary hearing concerning this matter.

Background

The petitioner files the instant petition for habeas relief pursuant to 28 U.S.C. § 2241. According to the petition, the following is the only ground for habeas relief: "Petitioner is being tortured while in the custody of respondents in violation of the Convention Against Torture because of his race and religion." Petitioner further claims in his petition that because he is being tortured "[h]e should be released and removed to his tribe or Canada or the United Kingdom."

Analysis

Initially, there must be a determination whether the instant § 2241 habeas is properly before this court. Clearly, a petitioner may attack the manner in which his sentence is being executed in the district court with jurisdiction over his custodian pursuant to 28 U.S.C. § 2241. *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir.1992). However, "habeas is not available to review questions unrelated to the cause of detention." *Pierre v. United States*, 525 F.2d 933, 935 (5th Cir.1976). The United States Court of Appeals for the Fifth Circuit in *Pierre* stated that the "sole function" for a habeas action "is to grant relief from unlawful imprisonment or custody and it cannot be used properly for any other purpose." *Id.* at 935-36.

Based on the allegations asserted by the petitioner to support his ground for habeas relief, this court finds that the petitioner is clearly challenging the conditions of his confinement. The petitioner states in his petition that he is being tortured in the following ways: there are explosions and gunfire all around him when he is in the recreation yard, the temperature in his unit is extremely cold and he is not given a coat in the unit, and the food, lighting, ventilation, and toilet facilities are inadequate. The petitioner also complains in his petition that he has been denied medical treatment. Finally, the petitioner contends in his petition that he is being denied access to a power cord so that he can practice with his band and "sooth the pain through his music."

The petitioner argues that he is entitled to relief under the Convention Against Torture. Clearly, the petitioner's argument is without merit. The Convention Against Torture does not give rise to a private cause of action. *Renkel v. United States*, 456 F.3d 640 (6th. Cir. 2006). Therefore, this court lacks jurisdiction to consider the petitioner's claim pursuant to the

Convention Against Torture.

In the event the petitioner wants to pursue any conditions of confinement claim that his Eighth Amendment rights have been violated, he must to do by filing a separate Bivens[1] action or other appropriate civil action. *See Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir.1993) (citing *Hernadez v. Garrison*, 916 F.2d 291, 292-03 (5th Cir.1990) and *Pierre v. United States*, 525 F.2d 933, 935 (5th Cir.1976)(Habeas is not available to challenge issues that are not related to the cause of incarceration.)). Therefore, the petitioner cannot maintain this petition for habeas relief relating to his claims that the conditions at F.C.I.-Yazoo violate his Eighth Amendment rights.

## Conclusion

As stated above, the petitioner cannot proceed with this petition for habeas corpus relief based on the Convention Against Torture or on grounds which attack the conditions of his confinement. The remedy pursuant to a § 2241 writ of habeas corpus is not the proper forum to assert conditions of confinement claims. Therefore, the instant petition is denied and the claim based on the Convention Against Torture is dismissed with prejudice because this court lacks jurisdiction to decide this claim and to the extent the petitioner is asserting conditions of confinement claims it is dismissed without prejudice so that the petitioner may present those claims in the proper manner.

---

[1] Under a Bivens complaint, a victim who has suffered a constitutional violation by a federal actor can recover damages in federal court. Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971).

A final judgment in accordance with this opinion and order will be entered.

SO ORDERED this the  21st  day of  October, 2009.

                                        s/David Bramlette
                                        UNITED STATES DISTRICT JUDGE